**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:

RICHARD SCOTT FOTHERINGHAM,   Case No.: 8:23-bk-01315-RCT
Chapter 13

    Debtor.

_____/

**CRISTIN OBSITNIK AND THOMAS LOCKHART'S: (1)
RESPONSE IN OPPOSITION TO THE CHAPTER 13 TRUSTEE'S
MOTION TO DISMISS FOR FAILURE TO MAKE PAYMENTS TO TRUSTEE;
AND; (2) MOTION TO CONVERT THE CASE TO CHAPTER 7**

CRISTIN OBSITNIK and THOMAS LOCKHART ("collectively, the "**Creditors**"), by and through the undersigned attorney, hereby file their response in opposition to Chapter 13 Trustee's Motion to Dismiss For Failure to Make Payments to Trustee (the "**Motion to Dismiss**") (Doc. 17), and Motion that the Bankruptcy Court, as defined hereafter, convert the Debtor's Chapter 13 case to Chapter 7, or alternatively, deny Motion to Dismiss, and in support thereof would state as follows:

1. On April 13, 2023 (the "**Petition Date**") Richard Scott Fotheringham (the "**Debtor**") filed his voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "**Bankruptcy Court**"), thereby initiating the bankruptcy case styled, In re Richard Scott Fotheringham, Case No.: 8:23-bk-01315-RCT (the "**Bankruptcy Case**").

2. Creditors are individual residents of the State of Illinois. Creditors own vacation homes located in Pasco County, Florida, in which the Debtor performed unlicensed contracting

1

133623017.3

work, and which caused the Creditors substantial damages as a result of the Debtor's improper and unlicensed construction services.

3. The Debtor is a Florida citizen, a resident of Pasco County, Florida, and is doing business in Pasco County at all times relevant hereto, and, as of the Petition Date, has been residing and/or doing business in the Middle District of Florida.

4. On July 3, 2023, Creditors filed their Complaint Objecting To Dischargeability of Debt and other Relief commencing Adversary Proceeding 8:23-ap-00078-RCT (the "**Dischargeability Complaint**"), against the Debtor, seeking to have certain debts declared non-dischargeable pursuant to 11 USC §§ 523(a)(2)(A) and (B).

5. On July 12, 2023, Creditors filed their Amended Dischargability Complaint (the "**Amended Dischargeability Complaint**") (A.P. Doc. 6).

6. On or about July 14, 2023, Creditors timely served the Debtor with the Summons, and the Amended Dischargeability Complaint. (A.P. Doc. 6). Given the pending adversary proceeding, Creditors would oppose dismissing the Bankruptcy Case.

7. Rather, Creditors would move to convert the case to Chapter 7, the appointment of a Chapter 7 Trustee to liquidate to Debtor's assets, and allow the Amended Dischargability Complaint to proceed forward to final judgment.

WHEREFORE, Creditors would request the Bankruptcy Court deny the Motion to Dismiss, or alternatively, convert the Debtor's Bankruptcy Case to Chapter 7, appoint a chapter 7 trustee, and allow the Adversary Proceeding to proceed forward on its merits, and for such other and further relief as is just, equitable and proper.

Respectfully submitted this 31st day of July, 2023.

/s/ *John J. Lamoureux*
John J. Lamoureux

Florida Bar No. 835218
Carlton Fields, PA
4221 W. Boy Scout Blvd., Ste. 1000
Tampa, FL 33607-5780
Telephone: 813-223-7000
Fax: 813-229-4133
jlamoureux@carltonfields.com
Counsel for Cristin Obsitnik and
Thomas Lockhart

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Cristin Obsitnik and Thomas Lockhart's: (1) Response to the Chapter 13 Trustee Motion to Dismiss for Failure to make Payments to Trustee; and (2) Motion to Convert the case to Chapter 7 has been furnished via CM/ECF and by electronic means and/or U.S. First Class Mail on this 31st day of July, 2023, to: to all parties on the attached Mailing Matrix who are not registered for electronic service.

/s/ *John J. Lamoureux*
Attorney